UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| EUGENE JENNINGS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 15-368-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Inmate Eugene Jennings is currently confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Jennings has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Jennings contends that, following the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), a prior state conviction for exhibiting a weapon is no longer a prior offense which can be used to enhance his federal sentence as a career offender. [Record No. 1]

On January 18, 2007, Jennings was indicted in Cape Girardeau, Missouri, on two counts of trafficking in crack cocaine in violation of 21 U.S.C. § 841(a)(1). Jennings pled guilty to the charges. Thereafter, on July 30, 2007, the trial court imposed two concurrent 151-month sentences. In imposing the sentence, the trial court applied the career offender provision outline in U.S.S.G. § 4B1.1(a) (Nov. 1, 2006) because Jennings had at least two prior felony convictions for crimes of violence, as well as a third qualifying predicate conviction for a controlled substance offense. Following entry of judgment, the trial court

-1-

denied numerous challenges by Jennings to his conviction and the enhancement of his sentence, including four motions under 28 U.S.C. § 2255, a habeas petition under 28 U.S.C. § 2241, a petition for writ of error audita querela, and motion under Federal Rule of Civil Procedure 60(b).  *United States v. Jennings*, No. 1: 07-CR-10-ERW-1 (E.D. Mo. 2007) [Record Nos. 2, 32, 37, 42, 48, 58].

In August 2015, Jennings mailed a letter to the trial court requesting a reduction in sentence on unspecified grounds, but again referencing the career offender enhancement. The trial court construed his letter as a § 2255 motion requesting relief under *Johnson* and directed the federal public defender's office to determine whether Jennings has a viable claim and, if appropriate, to file a motion for relief.  With extensions, its deadline to do so is February 26, 2016. [Record Nos. 68, 69, 75]

With his construed fifth motion for relief under § 2255 still pending, Jennings filed a habeas petition with this Court, contending without elucidation that his state conviction for exhibiting a weapon is no longer a valid predicate for the career offender enhancement after *Johnson*.  Based on this argument, Jennings asks to be resentenced. [Record No. 1 at pp. 2, 6-7]

The Court conducts an initial review of Jennings' habeas petition.  28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates Jennings' petition under a more lenient standard because he is not represented by

an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Following review, the Court will deny the relief requested. Jennings' petition under 28 U.S.C. § 2241 is premature because his motion under § 2255 asserting the same claim remains pending before the trial court. A federal prisoner must challenge the legality of his federal conviction or sentence by filing a motion for post-conviction relief under 28 U.S.C. § 2255, *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas petition filed under § 2241 is only permitted where the remedy afforded by § 2255(a) is "inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). That remedy is not inadequate or ineffective where, as here, the petitioner has filed a § 2255 motion that is currently pending before the trial court for consideration on the merits. Cf. *Smith v. Butler*, No. 14-165-DLB, 2015 WL 224925, at *2 (E.D. Ky. Jan. 15, 2015); *White v. Grondolsky*, No. 06-309, 2006 WL 2385358, at *2 (E.D. Ky. Aug. 17, 2006) (finding that petitioner was not entitled to relief under § 2241 where he was simultaneously litigating the validity of his sentence in a pending § 2255 motion); accord *Reynolds v. Martinez*, No. 09-2509, 2009 WL 3182918, at *1 (3d Cir. Oct. 6, 2009); *United States v. Pirro*, 104 F.3d 297, 300 (9th Cir. 1997) ("delay in the resolution of a section 2255 motion does not entitle a defendant to bypass section 2255 in favor of section 2241…").

Resort to a habeas petition under § 2241 is also precluded should the trial court conclude that relief under *Johnson* is available under § 2255. See 28 U.S.C. §§ 2255(f)(3) (permitting a claim to brought under 2255 within one year after a right newly-recognized by

-3-

the Supreme Court is made retroactively applicable to cases on collateral review).  The United States Court of Appeals for the Eighth Circuit (i.e., the federal circuit with appellate jurisdiction over Jennings' federal conviction in Missouri) has held that, while "[e]very circuit confronted with the issue of whether the Supreme Court's prior holdings have made *Johnson* retroactive for purposes of § 2255(h)(2) has taken a different approach," it accepted the government's concession in that case that *Johnson* "contains a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" for purposes of 28 U.S.C. § 2255(h)(2).  *Woods v. United States*, 805 F. 3d 1152, 1154 (8th Cir. 2015).

Independent of whether Jennings is permitted to assert his *Johnson* challenge by motion under § 2255, it is plain that he may not do so in a petition under § 2241.  Jennings challenges only his sentence, and the Sixth Circuit has made clear that "claims of sentencing error may not serve as the basis for an actual innocence claim."  *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (affirming denial of § 2241 petition challenging ACCA enhancement on the ground that prior conviction for burglary did not constitute a "violent felony"); *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims.").  Jennings's sentencing claim, therefore., is not the sort of "actual innocence" claim falling within the narrow scope of claims cognizable under § 2241.  Jennings may only assert his *Johnson* claim under § 2255.  Cf. *Bishop v. Cross*, No. 15-CV-854-DRH, 2015 WL 5121438, at *2-3 (S.D. Ill. Aug. 31, 2015) (holding that habeas petition seeking relief from § 4B1.1 enhancement in light of *Johnson* was not cognizable under § 2241, but must instead be brought by motion under

§ 2255); *Hollywood v. Rivera*, No. 2:15CV113 JM/BD, 2015 WL 5050253, at *2 (E.D. Ark. Aug. 4, 2015) (same).

Finally, even if the Court could reach the merits of his petition, Jennings is not entitled to relief because the Sentencing Guidelines used to enhance his sentence, unlike the statute at issue in *Johnson*, is not void for vagueness. *United States v. Smith*, 73 F. 3d 1414, 1418 (6th Cir. 1996) ("the Sentencing Guidelines are not subject to a vagueness challenge."); see also *In re: Rivero*, 797 F. 3d 986, 991 (11th Cir. 2015) "[t]he Supreme Court has never held that the Sentencing Guidelines are subject to a vagueness challenge.  And four of our sister circuits have held that the Sentencing Guidelines – whether mandatory or advisory – cannot be unconstitutionally vague because they 'do not establish the illegality of any conduct' and are 'designed to assist and limit the discretion of the sentencing judge.'"); *United States v. Tichenor*, 683 F. 3d 358, 363-66, 365 n.3 (7th Cir. 2012).

Accordingly, it is hereby **ORDERED** as follows:

1. Eugene Jennings's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 11th day of February, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge